UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   CASE NO. 6:03-cr-163-Orl-28GJK

PEDRO OSEQUERA MORALES,

    Defendant.
_____/

## ORDER

Defendant filed a Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582 (Doc. No. 108). The motion essentially requests that the Court reduce his sentence based on an amendment to the Sentencing Guidelines and on "extraordinary factors" warranting a downward departure. The Government has filed a response (Doc. No. 110), arguing that the motion was actually a successive section 2255 motion and that, therefore, it should be denied.

Since it appeared that Defendant was actually seeking relief under 28 U.S.C. § 2255, the Court entered an Order requiring him to show cause why this case should not be treated as a section 2255 motion (Doc. No. 5).[1] Defendant filed a reply (Doc. No. 112).

---

[1] The Court notes that Defendant previously filed a section 2255 motion with this Court, which was dismissed with prejudice. *See* Case number 6:06-cv-1936-Orl-28GJK.

Defendant seeks relief under section 3582(c) on the basis that there was an amendment to the sentencing guidelines under which he was sentenced. Defendant relies on Amendment 484, which he acknowledges became effective on November 1, 1993.[2] However, Defendant was sentenced long after Amendment 484 became effective, and, consequently, there is no basis for relief under section 3582(c).[3] Clearly, Defendant is attempting to relitigate an issue that he could have raised on direct appeal, and he is not eligible for a sentence reduction or resentencing.

Defendant also requests a "downward departure" of his sentence because of post-offense rehabilitation activities. However, post-sentence rehabilitation is not a factor considered under section 3582(c) for the purpose of modifying a sentence, and therefore, the Court lacks authority to reduce his sentence on that basis. Under the circumstances, there is no basis upon which the Court can reduce Defendant's sentence, and the motion is denied.

Accordingly, it is hereby **ORDERED** that Defendant's Motion to Modify Term of

---

[2] Amendment 484 can be found in Application Note 1 to section 2D1.1 of the Sentencing Guidelines and deals with the meaning of "mixture or substance" as used in section 2D1.1.

[3] Section 3582(c)(2) only allows a modification of a sentence based on a reduction in the sentencing range *subsequent* to sentencing. Defendant does not dispute that he was sentenced after Amendment 484 became effective.

2

Imprisonment Pursuant to 18 U.S.C. § 3582 (Doc. No. 108) is **DENIED**.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 24 day of November, 2010.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
sa 11/23
Pedro Osequera-Morales
Counsel of Record

3